[Civ. No. 5156.   Fourth Dist.   July 3, 1956.]

C. W. CARLSTROM, Appellant, v. CITY OF SAN DIEGO, Respondent.

*Assigned by Chairman of Judicial Council.

Levenson, Levenson & Block for Appellant.

J. F. DuPaul, City Attorney (San Diego), and Aaron W. Reese, Deputy City Attorney, for Respondent.

MUSSELL, J.—This is an action for declaratory relief. On or about June 4, 1954, plaintiff purchased certain housing units from the United States government, which units had been previously used during the war years as emergency housing. The exterior walls of these units were 8 feet high and 2-inch by 3-inch wooden studs were used in their construction. Plaintiff desired to relocate these units in the city of San Diego and on or about August 15, 1954, applied for permits from the city so to do. His application was denied on the ground that the units would not meet the requirements of the uniform building code of the city providing that the exterior stud walls for buildings of two (2) stories or less, in the city, shall consist of not less than 2-inch by 4-inch studs. On or about October 11, 1954, plaintiff appealed to the board of appeals appointed by the city manager under the provisions of section 91.02(a) of the San Diego Municipal Code, requesting authorization to use 2-inch by 3-inch studs in those housing units for which application for relocation was made. After hearing, the board, on October 11, 1954, orally granted the request of plaintiff subject to the city attorney's opinion as to the legality of such action by the board. At the request of plaintiff the city attorney's opinion, in writing, was submitted by means of a letter to the acting director of building inspection. The letter stated, in part, as follows:

"It is, therefore, the conclusion of the undersigned that the Board of Appeals had no authority to authorize the use of 2″ x 3″ studs in place of the minimum 2″ x 4″ studs as required by the Uniform Building Code. By authorizing the use of 2″ x 3″ studs, the Board of Appeals has attempted to amend the Building Code, which it has no authority to do. The Board of Appeals in this situation has only the authority to recommend a legislative change which it believes is required. You are, therefore, advised that you have no authority to issue any building permit authorizing such use."

On October 14, 1954, the building inspector of the city,

acting upon the basis of the city attorney's opinion, refused to issue a building permit to plaintiff, who then filed this action to have it declared that the board of appeals had the power to determine the suitability of the alternate type of construction which he sought to have approved and to have it declared that the opinion of the city attorney was without foundation in fact or in law. The trial court rendered judgment in favor of the defendants and against the plaintiff. He appeals therefrom, contending that the action of the board of appeals in approving his request for permit was proper and such action was not an unlawful delegation of power or an attempt to legislate by said board.

The city of San Diego is a municipal corporation organized under a freeholders charter approved by the Legislature on April 15, 1931 (Stats. 1931, p. 2838). Its charter provides that ''All legislative powers of the city shall be vested, subject to the terms of this charter and of the constitution of the state of California in the council, except such legislative powers as are reserved to the people by the charter and the constitution of the state.'' (Charter of the City of San Diego, § 11.)

Appellant bases his contention that the board of appeals had authority to approve his application for a permit on the following provisions of the uniform building code as amended by the San Diego Municipal Code:

''Section 204 shall read as follows:

''In order to determine the suitability of alternate materials and types of construction and to provide for reasonable interpretation of the provisions of this Code, there shall be and is hereby created a Board of Appeals, consisting of five members who are qualified by experience and training to pass upon matters pertaining to building construction. The Building Official shall be an ex-officio member and shall act as Secretary to the Board, but shall not have a vote. The Board of Appeals shall be appointed by the City Manager and shall hold office at his pleasure. The Board shall adopt reasonable rules and regulations for conducting its investigations and shall render all decisions and findings in writing to the Building Official with a duplicate copy to the appellant and may recommend to the City Council such new legislation as is consistent therewith.

''The City Attorney or his deputy and a representative from the Fire Department shall attend and advise at all meet-

ings of the Board of Appeals.'' (San Diego Municipal Code, Sec. 91.02(a).

In order to determine the meaning of this section it is necessary to consider the following provisions of the Uniform Building Code of the city.

Section 102. ''The purpose of this Code is to provide minimum standards to safeguard life or limb, health, property, and public welfare by regulating and controlling the design, construction, quality of materials, use and occupancy, location and maintenance of all buildings and structures within the city and certain equipment specifically regulated herein.

''Wherever in this Code reference is made to the Appendix, the provisions in the Appendix shall not apply unless specifically adopted.''

Section 103. ''New buildings and structures hereafter erected in the city, and buildings and structures moved into or within the city shall conform to the requirements of this code.

''Additions, alterations, repairs and changes of use or occupancy in all buildings and structures shall comply with the provisions for new buildings and structures except as otherwise provided in Sections 104, 306, and 502 of this Code.

''Where, in any specific case, different sections of this Code specify different materials, methods of construction or other requirements, the most restrictive shall govern.''

Section 105: ''The provisions of this Code are not intended to prevent the use of any material or method of construction not specifically prescribed by this Code, provided any such alternate has been approved.

''The Building Official may approve any such alternate provided he finds that the proposed design is satisfactory and complies with the provisions of Chapter 23, and that the material, method, or work offered is, for the purpose intended, at least the equivalent of that prescribed in this Code in quality, strength, effectiveness, fire resistance, durability, and safety.

''The Building Official shall require that sufficient evidence or proof be submitted to substantiate any claim that may be made regarding its use.''

Section 2501(a). ''General. The quality and design of all wood members used for load-supporting purposes in buildings or other structures shall conform to the standards specified in this Chapter.''

Section 2521(d). ''Size and Height. Exterior stud walls and bearing partitions for buildings of two stories or less shall consist of not less than two-inch by four-inch (2"x4") studs; for building of three stories, the studding shall be not less than three-inch by four-inch (3"x4") or two-inch by six-inch (2"x6") to the bottom of the second floor joists and two-inch by four-inch (2"x4") for the two upper stories. Maximum allowable height of two-inch by four-inch (2"x4") and three-inch by four-inch (3"x4") stud framing shall be fourteen feet (14') and of two-inch by six-inch (2"x6") stud framing shall be twenty feet (20') unless the wall is supported laterally by adequate framing. No studding shall be spaced more than sixteen inches (16") on centers, except that in lieu of this requirement the studs and plates may be designed as a system of columns and beams, provided structural grade material is used, or such walls may be constructed of not less than four-inch by four-inch (4"x4") posts spaced not more than five feet (5') on centers or of larger members designed as required in this Chapter, or may be of post and beam framing with plank sheathing not less than one and one-half inches (1½") thick or may be of laminated construction not less than four inches (4") nominal in thickness with the structural assembly properly designed to support all loads.

''One-story buildings having a total floor area of not more than four hundred square feet (400 sq. ft.) may have exterior walls of vertical one-inch (1") boards and battens without studs.''

In these quoted provisions the city has provided that all buildings therein shall conform to certain standards and has specifically provided in section 2521(d) that exterior stud walls and bearing partitions of two story or less shall consist of not less than 2-inch by 4-inch studs. In sections 103 and 105 it is provided that where, in any specific case, different sections of the code specify different materials, methods of construction or other requirements, the most restrictive shall govern and that the provisions of the code are not intended to prevent the use of any material or method of construction not specifically prescribed by the code, provided any such alternate has been approved.

''We conclude that the power given the board of appeals in section 204 of said code ''to determine the suitability of alternate materials and types of construction'' does not include the power to authorize construction of buildings with

2-inch by 3-inch exterior wall studs or their relocation within the city, contrary to the plain and specific provisions of section 2521(d) of the code. It appears that the board of appeals, under section 204 of the code, has power to determine the suitability of *alternate materials and types of construction* where exterior walls of 2-inch by 3-inch wood studs are not used and such walls are otherwise constructed.

Section 13 of the charter of the city of San Diego requires that all legislative action shall be by ordinance except where otherwise required by the Constitution or laws of the state and the record herein contains no evidence of an ordinance purporting to change the requirements of said section 2521(d). The action taken by the board of appeals is an attempt to change the specific requirements of said section, contrary to the provisions of the city charter, and is therefore invalid.

Appellant contends that the action of the board in approving his use of 2-inch by 3-inch wood studs should control for the reason that the load carrying capacity of such studs 8 feet in length is greater than of 2-inch by 4-inch studs 14 feet in length, and argues that the action of the board is binding on the city because it is an approval of an alternate type of construction. However, the building code not only regulates the types and method of construction but also regulates the materials to be used. Appellant's argument would have merit if materials other than wood were used in the exterior walls. However, in the instant case no alternate method of construction was proposed. It further appears that the board of appeals granted plaintiff's application subject to the opinion of the city attorney as to the legality of such action, and since his opinion was to the effect that the board had no authority to authorize the use of 2-inch by 3-inch studs, it follows that plaintiff's request was not granted by the board.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.